IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRACY L. THOM and JENNIFER J. THOM,<br><br>　　　　Plaintiffs,<br>　v.<br><br>ROKSTAD POWER INC.,<br><br>　　　　Defendant. | Case No.: 3:23-cv-00454-AN<br><br><br>OPINION AND ORDER |

　　　　Plaintiffs Tracy L. Thom and Jennifer J. Thom bring this action against defendant Rokstad Power Inc. ("Rokstad"), alleging common law negligence, violations of the Employer Liability Law ("ELL") under Oregon Revised Statute §§ 654.305 & 654.310, negligence *per se* under the Oregon Safe Employment Act ("OSEA"), and loss of consortium. Rokstad filed a Motion to Dismiss for Failure to State a Claim, ECF [4], seeking dismissal of plaintiffs' ELL and OSEA claims. Oral argument was held on July 10, 2023. For the reasons set forth below, defendant Rokstad's motion is GRANTED in part, and DENIED in part.

## LEGAL STANDARD

　　　　To survive a motion to dismiss for failure to state a claim, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint is construed in favor of the plaintiff, and all uncontroverted allegations in the complaint are taken as true. Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## BACKGROUND

Because Rokstad brings a motion to dismiss, the following facts are derived from plaintiff's First Amended Complaint. On February 18, 2021, plaintiff Tracy L. Thom ("plaintiff") was working as a journeyman carpenter employee of Portland General Electric Company ("PGE") directing traffic as part of emergency operation efforts involving mutual aid at the Salem PGE Yard. Rokstad was a subcontractor assisting PGE in the emergency and storm response that was being mobilized from the Salem PGE Yard. While directing traffic, plaintiff's left foot was run over by a truck and trailer owned by Rokstad that was operated by one of Rokstad's employees. Plaintiff suffered numerous fractures and abrasions and underwent several surgical procedures related to the incident.

## DISCUSSION

**A.     ELL Claims**

Plaintiff asserts two bases for his ELL claims: ORS 654.305 and ORS 654.310.

1. *ORS 654.305*

ORS 654.305 states:

"Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk of danger to the employees or the public shall use every device, care, and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliances and devices."

The ELL applies both to direct and indirect employers. *See Sacher v. Bohemia, Inc.*, 302 Or. 477, 482-83, 731 P.2d 434 (1987). Indirect employer liability is premised on three theories: (1) common enterprise; (2) retained right to control; and (3) actual control. Thus, to prove that an employer is an indirect employer, a plaintiff must establish that the employer (1) engaged with the plaintiff's direct employer in a common enterprise; (2) retained the right to control the manner or method in which the risk-producing activity was performed; or (3) actually controlled the manner or method in which the risk-producing activity was performed. *Woodbury v. CH2M Hill, Inc.*, 335 Or. 154, 160, 61 P.3d 918 (2003). Plaintiff alleges all three theories in his complaint.

  a. Common Enterprise

A common enterprise exists where (1) two employers (the plaintiff's direct employer and a third-party defendant employer) participate in a project of which the defendant employer's operations are an "integral" or "component" part; (2) the work involves a risk or danger to the employees or the public; (3) the plaintiff is an "employee" of the defendant employer; and (4) the defendant has charge of or responsibility for the activity or instrumentality that causes the plaintiff's injury. *Sacher*, 302 Or. At 486-87. A plaintiff is an employee of the defendant employer if they are (1) an adopted employee, (2) an intermingled employee, or (3) an employee of an independent contractor hired by the defendant where the defendant retains or exercises a right to control the risk-creating activity or instrumentality. *Id.* at 486.

Rokstad argues that dismissal is appropriate because plaintiff has failed to show that (1) his work involved a risk or danger; (2) plaintiff was Rokstad's adopted employee, intermingled employee, or an employee of an independent contractor hired by Rokstad; or (3) that Rokstad had charge of or responsibility for the activity or instrumentality that caused plaintiff's injuries. The Court disagrees.

      i.    *Component or Integral Participation*

Although plaintiff's complaint may lack specificity in the type of work that Rokstad was engaged in as a subcontractor on the site, the complaint adequately alleges that Rokstad's operations were an "integral" or "component" part of the emergency and storm response operation. In addition to alleging that Rokstad was a subcontractor on the site, plaintiff alleges that Rokstad is a "power line construction company" that works with "various public and private sector organizations" and offers services that include "immediate emergency and storm response, distribution, transmission, live line work and much more." At this stage, these allegations are sufficient to demonstrate that Rokstad was not merely furnishing equipment, but rather, was actively participating in the emergency and storm response at the Salem PGE Yard. *See Thomas v. Folgio*, 225 Or. 540, 550, 358 P.2d 1066 (1961) (distinguishing a defendant's interest in a common enterprise when it merely furnishes equipment from when it has charge of equipment).

      ii.    *Work Involving Risk or Danger*

The question of whether plaintiff's work involved risk or danger is generally a question for the jury, unless "no reasonable jury could conclude that risk or danger was involved." *See Quirk v. Skanska*

3

*USA Building, Inc.*, No. 3:16-cv-00352-AC, 2018 WL 247537, at *8 (D. Or. May 30, 2018); *Skeeters v. Skeeters*, 273 Or. 204, 216, 389 P.2d 313 (1964) ("[W]hether an activity in which an employee is engaged involves risk or danger is a question of fact to be determined by the jury."). The scope of work that is assessed includes "the entire enterprise with all of the component parts necessary to the completion of the enterprise in which both employers have joined to accomplish." *Thomas*, 225 Or. at 549-50. Here, plaintiff has adequately alleged that his work involved risk or danger. The project was occurring at 6:45 a.m. on February 18, 2021, indicating that it was still dark outside; the project involved emergency and storm response operations, indicating that the weather was extreme; and plaintiff was working around large trucks with loaded trailers. At this stage, plaintiff has sufficiently pled that his work involved risk or danger.

      iii.  *Plaintiff as Rokstad's Employee*

A plaintiff becomes an adopted employee when "the plaintiff is performing work on a project of which defendant's operations are an integral part." *Id.* at 545. Here, plaintiff was performing work on a project of which Rokstad's operations were an integral part. Based on the alleged facts in the complaint, Rokstad was assisting as a subcontractor in the emergency and storm response and was actively participating in that project. Taking these allegations as true, plaintiff has adequately alleged that he was an adopted employee.

      iv.  *Rokstad's Charge of or Responsibility for Work*

Finally, plaintiff has adequately pled that Rokstad had charge over the instrumentality that caused his injury. The Oregon Supreme Court squarely addressed this issue in *Thomas* when it examined,

> "whether an employer can be regarded as 'having charge of' work where the component part of the general undertaking for which he is responsible does not involve any risk-creating *activity* on the part of his employee but does call for the use of equipment over which he has control and which, if not maintained with proper safeguards, necessarily exposes the employees of the other employer to an unreasonable risk in the course of carrying on the common enterprise."

*Id.* at 549. Ultimately, the court held that "the defendant had 'charge of' and was 'responsible for' that part of the job or 'work' which consisted of furnishing safe equipment." *Id.* at 550. Like the defendant in *Thomas*, Rokstad's participation called for the use of equipment over which it had control, and which had

4

the potential to expose plaintiff to an unreasonable risk in the course of carrying on the common enterprise. Therefore, plaintiff has adequately pled a common enterprise theory of indirect employer liability.

        b.        Retained Right to Control and Actual Control

As for whether plaintiff has adequately alleged that Rokstad retained the right to control, or actually controlled, the manner or method in which the risk-producing activity was performed, *Flores v. Metro Machinery Rigging, Inc.*, 99 Or. App. 636, 783 P.2d 1024 (1989) is instructive. In *Flores*, the plaintiff brought an ELL claim against the subcontractor working on the construction site with the plaintiff's direct employer. The plaintiff's employer hired the subcontractor to assist in installing an overhead crane in the ceiling of the construction site. *Id.* at 638. The subcontractor brought a personlift and a forklift to the construction site, which were both used by the subcontractor's employees. *Id.* The lifts leaked small amounts of hydraulic fluid on the floor, which the plaintiff slipped on and injured himself. *Id.* The trial court granted the subcontractor's motion to dismiss the plaintiff's ELL claims, agreeing that the plaintiff had failed to state a claim for relief. *Id.*

The Court of Appeals reversed, holding that the plaintiff had adequately alleged that the subcontractor retained a right to control by pleading that, on the date of the injury, the subcontractor was "in exclusive control and operating" the lifts. *Id.* at 640. Further, the court found that "[a]lthough [the subcontractor] had no direct control over [plaintiff] or his work activities, it was working on the same project, in the same location and at the same time as his employer. While doing so, [the subcontractor] operated and maintained potentially dangerous equipment." *Id.* Therefore, the court held that the plaintiff had adequately alleged that the subcontractor was his indirect employer.

Like the plaintiff in *Flores*, plaintiff in this case has alleged that Rokstad was in exclusive control and operation of the potentially dangerous machinery that caused his injury. Further, plaintiff has alleged that Rokstad was working on the same project, in the same location, at the same time as PGE. Plaintiff has also alleged that in the course of working on that project, Rokstad retained control of, and actually controlled, potentially dangerous machinery that caused plaintiff's injury. Therefore, plaintiff has adequately pled that Rokstad was his indirect employer under ORS 654.305 and this claim cannot be

dismissed.

        2.    *ORS 654.310*

Plaintiff asserts a negligence *per se* claim under ORS 654.310. ORS 654.310 states:

> "All owners, contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of employment are in compliance with every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services pursuant to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780."

Plaintiff alleges that Rokstad violated 29 C.F.R. § 1926.21(b) and (b)(2). Subsection (b) contains no pertinent language; however, subsection (b)(2) states, "The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury." Rokstad argues that plaintiff has failed to allege a specific rule or regulation that it violated because the regulations cited by plaintiff apply only to employers. For the same reasons outlined above, plaintiff has adequately pled that Rokstad was his indirect employer; therefore, these regulations apply with equal force to Rokstad. *See Quirk*, 2018 WL 2437537, at *24 (finding that ORS 654.310 applies to indirect employers). Plaintiff's ELL claim under ORS 654.310 is adequately pled.

**B.    OSEA Claim**

Rokstad also moves to dismiss plaintiff's negligence *per se* claim under the OSEA. Under the OSEA, a plaintiff must allege that (1) defendant violated a statute; (2) plaintiff was injured as a result of that violation; (3) plaintiff was a member of the class of persons meant to be protected by that statute; and (4) the injury that plaintiff suffered was of a type that the statute was enacted to prevent. *Miller*, 434 F. Supp. 3d at 884.

To adequately plead an OSEA claim, a plaintiff must reference specific regulations or statutes that the defendant allegedly violated. Here, plaintiff pled 29 C.F.R. § 1926.21(b) and (b)(2). However, these regulations apply only to employers. Plaintiff argues that the OSEA applies with equal

6

force to indirect employers; however, this argument has been foreclosed by Oregon's courts. *See Flores*, 99 Or. App. at 641 ("The [O]SEA, unlike the EL[L] does not extend its coverage to indirect employees.").

Plaintiff also argues that Rokstad is an owner under the OSEA. But a defendant owner is liable under the OSEA only if "the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of premises." *Brown v. Boise-Cascade Corp.*, 150 Or. App. 391, 404 (1997). The regulations cited by plaintiff reference only "employers," and do not explicitly, or by their nature, impose obligations on owners. *See id.* (noting that regulations "which pertain to work practices or methods, as opposed to requirements pertaining to workplace structures or safeguards," may not apply to owners). Therefore, plaintiff's OSEA claim fails to state a plausible claim for relief.

## CONCLUSION

Accordingly, defendant Rokstad's Motion to Dismiss, ECF [4], is GRANTED in part, and DENIED in part. Count Four of plaintiff's First Amended Complaint, negligence *per se* under the Oregon Safe Employment Act, is DISMISSED.

IT IS SO ORDERED.

DATED this 2nd day of August, 2023.

Adrienne Nelson
United States District Judge